UNITED STATES DISTRICT COURT

FOR

THE SOUTHERN DISTRICT OF FLORIDA

THE TRUSTEES OF THE FLORIDA CARPENTERS
PENSION FUND,

        Plaintiff,

        v.

BRUNS INC., GENERAL CONTRACTORS

        a Florida Corporation, Defendant.

CASE No.

**COMPLAINT**

( TO  COLLECT WITHDRAWAL LIABILITY PAYMENTS DUE TO PLAINTIFF FUND )

**PARTIES**

1.  Plaintiff, TRUSTEES OF THE FLORIDA CARPENTERS PENSION FUND (hereinafter the "Fund") are the trustees of a multi-employer employee pension benefit plan as those terms are defined in 29 U.S.C. §§ 1002(3) and (37). The Fund is established and maintained pursuant to a Restated Agreement and Declaration of Trust and a Collective Bargaining Agreements between Florida Carpenters Regional Council on behalf of its affiliated local unions and the United Contractors and Sub-contractors Association, Inc ("Association") and employers. (Copy of Restated Agreement and Declaration of Trust attached as Exhibit "A")

2. Defendant BRUNS, INC., GENERAL CONTRACTORS (hereinafter "BRUNS") is a Florida corporation existing under Florida law with an office located in Lake Buena Vista and Windermere, Florida. BRUNS transacts business in the State of Florida as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C §§ 142(1), (3) and 152(2); 29 U.S.C. §§ 1002(5) ,(9), (11), (12) and (14); and 29 U.S.C. § 1001a.

## JURISDICTION

3. This Court has jurisdiction of this action under 29 U.S.C. §§ 1132, 1145, and 1451. This is an action to collect withdrawal liability payments due to an employee benefit plan under the terms of the plan and the Multi-employer Pension Plan Amendments Act ("MPPAA").

## VENUE

4. Venue is proper in this district pursuant to 29 U.S.C. § 1451(d) because the Defendant conducts business in this district.

## FACTS

5. Effective June 15, 2007, BRUNS agreed to be bound to a Collective Bargaining Agreement between Carpenters and Lathers Local Union No. 1765 of the United Brotherhood of Carpenters and Joiners of America ("Local1765") and BRUNS. The Collective Bargaining Agreement established the terms and conditions of employment for BRUNS' employees who are or were engaged as carpenters and lathers in the construction industry. The initial Collective Bargaining Agreement was followed by the parties, including BRUNS continuing to make required contributions to FUND, and remained in effect until it was terminated on June 30, 2018.

Pursuant to the Collective Bargaining Agreement, BRUNS agreed to pay and did pay to the Fund certain sums of money for each hour worked by its employees that were covered by the Collective Bargaining Agreement through June 30, 2018. (Copy of Collective Bargaining Agreement attached as Exhibit "B")

6. The obligation of BRUNS to contribute to the Fund ceased effective June 30, 2018. BRUNS continues to perform work of the type for which it was previously obligated to make contributions to the Fund and as a result, BRUNS experienced a complete withdrawal from the Fund (as that term is defined in 29 U.S.C. § 1383(b)).

7. On October 29, 2018, FUND through counsel notified BRUNS by letter to their Lake Buena Vista and Windermere addresses and advised that the termination of their collective bargaining agreement triggered the obligation for the commencement of the payment of their withdrawal liability, made demand for payment and advised of the obligation pursuant to 29 U.S.C. § 1399 to commence payments in no later than 60 days. The letter further informed of the total withdrawal liability amount of $559,260.00 and included the amortization schedule calling for payments of $6,990.75 for eighty (80) quarters to commence July 1, 2019.

8. On April 9, 2019, FUND through it's counsel notified BRUNS by Federal Express overnight letter to their Lake Buena Vista address that the termination of their collective

bargaining agreement triggered the obligation for the commencement of the payment of their withdrawal liability, made demand for payment and advised of the obligation pursuant to 29 U.S.C. § 1399 to commence payments within 60 days and that they had failed to reply to the enclosed October 29, 2018 letter or commence payments as required by 29 U.S.C. § 1399. The letter further informed of the total withdrawal liability amount of $559,260.00 and included the amortization schedule calling for payments of $6,99.75 for eighty (80) quarters to commence July 1, 2019.

9. On June 27, 2019, FUND through it's counsel notified BRUNS by Federal Express overnight letter to their Lake Buena Vista address that the termination of their collective bargaining agreement triggered the obligation for the commencement of the payment of their withdrawal liability, made demand for payment and advised of the obligation pursuant to 29 U.S.C. § 1399 to commence payments within 60 days and that they had failed to reply to the enclosed October 29, 2018 letter, the enclosed April 9, 2019 letter or commence payments as required by 29 U.S.C. § 1399. The letter further informed of the total withdrawal liability amount of $559,260.00 and included the amortization schedule calling for payments of $6,990.75 for eighty (80) quarters to commence July 1, 2019.

10. On September 3, 2019, FUND Counsel notified BRUNS via Federal Express overnight letter received by BRUNS on September 5, 2019 of the default in making payments and demanded cure of the default in accordance with 29 U.S.C. § 13099(c)(E)(5) within sixty (60) days.

11.     To date, BRUNS has not responded to any of the letters sent ,nor commenced payment on July 1, 2019, nor cured the default within sixty (60) days of notification received on September 5, 2019 as required by 29 U.S.C. § 1399 c)(E)(5) .

### COUNT I

**(To Collect Withdrawal Liability Payment )**

12.     Plaintiff hereby restates and incorporates by reference the foregoing paragraphs 1 through 11 as if fully set forth in Count I.

13.     Defendant, BRUNS has failed to make any payments after demand, in violation of their obligation under 29 U.S.C. § 1399 , is in arrears for the quarter commencing July,1, 2019 and thereafter and is in default.

14.     29 U.S.C. § 1451(b) provides that any failure of the employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145 , and provides a right of action to collect the delinquent amounts.

15.     29 U.S.C. § 1132 , provides for civil enforcement of ERISA's provisions, including 29 U.S.C. § 1145. Specifically, 29 U.S.C. § 1132 (g)(2) provides that in any action to enforce 29 U.S.C. § 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan, the unpaid contributions; interest on same; an amount equal to the greater of the interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not to exceed 20% of the unpaid contributions; reasonable attorneys' fees and costs of the action; and such other legal and equitable relief as the court deems appropriate.

16.	29 U.S.C. § 1132 (g)(2), further provides that interest on unpaid contribution shall be determined using the rate provided in the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code. The Florida Carpenters Pension Plan specifies an interest rate on unpaid contributions. The Second Restated Agreement and Declaration of Trust of the Florida Carpenters Pension Fund provides in Section 4.5 :

> "In any action 29 U.S.C § 1132 to enforce 29 U.S.C § 1145, in which judgment in favor of the fund is awarded, the employer shall be required to pay interest at the rate of 15% per annum, plus an amount equal to the greater of interest on the delinquent contributions at the rate of 15% per annum, or liquidated damages of 20% of the delinquent amount pursuant to 29 U.S.C § 1132.

17.	29 U.S.C. § 1300 (c)(E)(5) provides for collection of the entire withdrawal amount in the event of a default in payments after a notice of default is given with a demand for a cure of the default and the default is not cured within sixty (60) days of the notice.

18.	BRUNS is in default, has received the notice of default and demand to cure and the default remains to date after sixty (60) days notice and no payments have been made allowing FUND to seek payment of and judgment for the entire amount owed of $559,260.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FUND prays for Judgment against BRUNS as follows:

A.	Judgment in the amount of $559,260.00 representing the unpaid withdrawal liability due to FUND by BRUNS after default.

      B.      Judgment for interest on the amount of $559,260.00 at the rate of 15% per annum, or the greater of interest on the amount of $559,260.00 at 15% per annum or 20% of the delinquent amount as liquidated damages .

      C.      Costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132 (g) ;

      D.      Such other and further legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

Dated: February 18, 2020      By: _____

Alan Eichenbaum
Florida Bar # 253316
Law Office of Alan Eichenbaum, P.A.
7890 Peters Road- Suite G-102
Plantation, Florida 33324
(954) 900-4919 telephone
(954) 900-4919 facsimile

Alanlaw@bellsouth.net
Aeichenbaum@bellsouth.net

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This to certify that a copy of the foregoing Complaint has been served by Certified mail, as set forth in 29 U.S.C. 1132(h) this 2nd day of February, 2020 to the following:

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Attention: Plans Benefits

Secretary of Treasury
Room 4300
1111 Constitution Avenue, N.W.
Washington, DC 20224

Attention: Employee Plans

By: _____
Alan Eichenbaum
Florida Bar # 253316
Law Office of Alan Eichenbaum, P.A.
7890 Peters Road- Suite G-102
Plantation, Florida 33324
(954) 900-4919 telephone
(954) 900-4919 facsimile

Alanlaw@bellsouth.net
Aeichenbaum@bellsouth.net

*Attorney for Plaintiff*

8